OPINION OF THE COURT
Lee L. Holzman, J.
This is an application by counsel for reconsideration of the denial of his request for compensation in excess of the approximately $125,000 that he was awarded, inclusive of disbursements, pursuant to a one-third retainer agreement entered into with respect to an action for decedent’s personal injuries and wrongful death. In support of the request it is noted that, based upon "extraordinary circumstances”, another court had awarded counsel compensation in excess of one third of the recovery against other defendants arising out of the same events. Moreover, the court has removed the restrictions from limited letters of administration in other proceedings where the trial court has awarded fees to counsel, who had a one-third retainer, in excess of one third of the recovery based upon extraordinary circumstances.
The applicable rule of the Appellate Division, First Department, on this subject, 22 NYCRR 603.7 (e) (see also, the similar rules of the Appellate Divisions of the other Departments, 22 NYCRR 691.20 [e]; 806.13, 1022.31), provides in pertinent part as follows:
"(e) Contingent Fees in Claims and Actions for Personal Injury and Wrongful Death
"(1) The receipt, retention or sharing of compensation which is in excess of such scheduled fees shall constitute the exaction of unreasonable and unconscionable compensation in violation of any provision of the Code of Professional Responsibility, as adopted by the New York State Bar Association, effective January 1, 1970, as amended, or of any canon of the Canons of Ethics, as adopted by such Bar Association effective until December 31, 1969, unless authorized by a written order of the court as hereinafter provided.
"(2) The following is the schedule of reasonable fees referred to in paragraph (1) of this subdivision: either,
Schedule A
"(i) 50 percent on the first $1,000 of the sum recovered,
"(ii) 40 percent on the next $2,000 of the sum recovered,
*1068 "(iii) 35 percent on the next $22,000 of the sum recovered,
"(iv) 25 percent on any amount over $25,000 of the sum recovered; or,
Schedule B
"(v) A percentage not exceeding 3316 percent of the sum recovered, if the initial contractual arrangement between the client and the attorney so provides, in which event the procedure hereinafter provided for making application for additional compensation because of extraordinary circumstances shall not apply.
"(4) In the event that claimant’s or plaintiffs attorney believes in good faith that Schedule A, above, because of extraordinary circumstances, will not give him adequate compensation, application for greater compensation may be made upon affidavit with written notice and an opportunity to be heard to the client and other persons holding liens or assignments on the recovery. Such application shall be made to the justice of the trial part to which the action had been sent for trial; or, if it had not been sent to a part for trial, then to the justice presiding at the trial term calendar part of the court in which the action had been instituted; or, if no action had been instituted, then to the justice presiding at the trial term calendar part of the Supreme Court for the county in the judicial department in which the attorney who filed the statement of retainer, pursuant to this section, has an office. Upon such application, the justice, in his discretion, if extraordinary circumstances are found to be present, and without regard to the claimant’s or plaintiffs consent, may fix as reasonable compensation for legal services rendered an amount greater than that specified in Schedule A, above, provided, however, that such greater amount shall not exceed the fee fixed pursuant to the contractual arrangement, if any, between the client and the attorney. ” (Emphasis added.)
The clear meaning of the emphasized language below "Schedule B” is that no mechanism is provided for a trial court to award additional compensation based upon extraordinary circumstances where the retainer agreement is for one third of the recovery. The rule only provides for an application for additional compensation under a "Schedule A” sliding scale retainer agreement.
The holding in Gair v Peck (6 NY2d 97), the case in which the authority of the Appellate Division to promulgate the *1069 predecessor to the rule sub judice was upheld, does not afford a basis for the court to deviate from the Appellate Division requirements. This is so even though Gair might fairly be interpreted as holding that the Appellate Division lacks the authority to promulgate a substantive rule of law as to the permissible amount of counsel fees in any particular future case and that its rule should be viewed solely as a disciplinary rule prohibiting unconscionable or unreasonable legal fees which are not violated if counsel has filed a retainer agreement either in accordance with one of the schedules set forth in the rule or is otherwise ultimately able to satisfy the court that the terms of the retainer agreement are not unreasonable or unconscionable (6 NY2d, supra, at 108, 113-115). Although this might be true in theory, Judge Burke, in his dissenting opinion, noted that to conclude that the rule does not in effect limit contingent fees "would be sheer sophistry.” (6 NY2d, supra, at 122.) In any event, in this case counsel has not filed any retainer agreement providing for compensation in excess of one third of the recovery and, under these circumstances, this court cannot ignore the clear mandate of the Appellate Division that an application to the trial court for additional compensation is not available where the retainer agreement provides for compensation equal to one third of the recovery.
The fact that this application cannot be entertained by this court renders it unnecessary to explore the following issues which would have to be resolved if the application could have been entertained by a trial court: whether proper notice of the application has been given to counsel’s client, whether the application would have to be made before a Justice of the Supreme Court, and whether the retainer agreement contained any provision which would authorize compensation in excess of the agreed upon share for extraordinary circumstances or otherwise. Lastly, even if the issue of "extraordinary circumstances” could be addressed, it appears that the recent holding of the Court of Appeals in Yalango v Popp (84 NY2d 601) greatly limits the number of cases in which additional compensation can be awarded to counsel. In Yalango the Court held that counsel could only receive additional compensation based upon extraordinary circumstances in a medical malpractice action under Judiciary Law § 474-a if the fee mandated by the statute was inadequate in light of the amount of time reasonably and necessarily spent in litigating the claim. Those matters in which counsel was required to *1070 spend so much time that the hourly rate of compensation was rendered "exceptionally low or causing a loss of other income or some other financial detriment” (supra, at 608) were given as examples of cases that would warrant a deviation from the statutory schedule. The Court specifically stated that counsel could not receive additional compensation merely upon the basis of having obtained a good result or having expended more hours on the matter than originally envisioned. Considering that the language in Judiciary Law § 474-a on the subject of additional compensation for extraordinary circumstances is virtually identical with the language on this subject in the rules of the respective Appellate Divisions and it appears that these rules were the source for the statutory language, the rationale of Yalango would appear to apply to personal injury and wrongful death actions not covered by Judiciary Law § 474-a. Here, counsel has not even attempted to show that the $125,000 that he was awarded constitutes an "exceptionally low” hourly rate of compensation.
For all of the above reasons, this decision constitutes the order of the court denying the application.